IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| CURTIS BRADSHAW, | No. CV-12-31-H-DLC-RKS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| vs. | |
| State of Montana, Office of Public Defender, City of Helena, Randi Hood, A.L. Swanson, C. Lindsey, K. Neal, J. Streano, C. Quinn, D.L. Nielsen, D.O. Olson, Robert J. Wood, Claudia Bagley, | |
| Defendants. | |

## I. SYNOPSIS

Mr. Bradshaw filed a pro se Complaint and a Motion to Proceed In Forma Pauperis which will be granted. Mr. Bradshaw's Complaint fails to state a claim and should be dismissed.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing the inability to pay. Mr. Bradshaw submitted a declaration sufficient to make this showing. His request to

proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Mr. Bradshaw's Complaint shall be deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed Complaint was delivered to the Clerk of Court. *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983).

### III. REVIEW UNDER 28 U.S.C. § 1915 and 28 U.S.C. § 1915A

Complaints for plaintiffs proceeding in forma pauperis are required to be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Such complaints must be dismissed prior to being served upon defendants if they are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)(per curiam)(statute is not limited to prisoners). "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)(per curiam). Although federal courts liberally construe pro se pleadings, they "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### IV. ALLEGATIONS

Mr. Bradshaw's allegations primarily concern Charles L. Caddell. Mr. Caddell was cited for Disorderly Conduct for noise disturbances by the Helena Police Department, and his case was set for trial in April 2009. C.D. 2, p. 4-6. The City of Helena dismissed the citations against Mr. Caddell prior to his trial. C.D. 2, p. 7; C.D. 2-1, p. 4-5. Despite the charges having been dismissed against him, Mr. Caddell has still pursued a jury trial through previous complaints in federal court, and now through this complaint filed by Mr. Bradshaw. *See Caddell v. Helena Elderhousing, Inc.*, CV-10-11-DWM; *Caddell v. City of Helena*, CV-11-20-DWM. Mr. Bradshaw alleges the Disorderly Conduct charges, though dismissed, "left a public record stigma of illegal conduct against Caddell affecting landlord tenant property rights, and liberty to be free of such stigma without due process." C.D. 2, p. 7. Mr. Bradshaw alleges public defender Mr. Lindsey violated Mr. Caddell's rights by permitting the charges against him to be dismissed and his trial to be vacated. C.D. 2, p. 9.

The only allegations connecting Mr. Bradshaw to Mr. Caddell are as follows: "Plaintiff is a citizen person with a property interest based on transfer, sale, and assignment of personal property in the form of a choses-in-action from one Charles L. Cadell[sic], said property being defined by Montana Law, the value of which will be determined in judicial proceedings." C.D. 2, p. 2.

## V. DISCUSSION

"While a non-attorney may appear pro se on his own behalf, 'he has no authority to appear as an attorney for others than himself.'" *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)(internal citations omitted). Mr. Bradshaw is not an attorney and is not permitted to bring a claim on behalf of Mr. Caddell. Mr. Bradshaw's allegations revolve solely around Mr. Caddell's court proceedings with the City of Helena. Any interest Mr. Bradshaw may have in Mr. Caddell's property does not qualify him to represent Mr. Caddell in court. This claim should be dismissed because Mr. Bradshaw cannot represent Mr. Caddell in this action.

Even if Mr. Caddell had brought this claim himself, it would fail because Mr. Caddell's right to a jury trial has not been violated. The Sixth Amendment to the United States Constitution guarantees the right to a trial by jury, as does Article II, Section 24 of the Montana Constitution as follows:

In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury. . . .

*Worihaye v. Montana Fourth Judicial District*, 972 P.2d 800, 802 (Mont. 1998).

Prosecutors must charge crimes as they see fit, and dismiss charges they believe they cannot prove beyond a reasonable doubt. Courts also may dismiss misdemeanor charges upon their own motion when justice requires. Montana

Code Annotated § 46-13-401(1) provides:

The court may, either on its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order a complaint, information, or indictment to be dismissed. However, the court may not order a dismissal of a complaint, information, or indictment, charging a felony, unless good cause for dismissal is shown and the reasons for the dismissal are set forth in an order upon the minutes.

Mont. Code Ann. § 46-13-401.

"[D]ismissal of misdemeanor charges is allowed on the court's own motion or on motion of the prosecutor in the furtherance of justice. Because of the nature of prosecutorial discretion, the State is generally given wide latitude when requesting a dismissal of criminal charges." *State v. Schneiderhan*, 862 P.2d 37, 41 (Mont. 1993).

Mr. Caddell's right to a jury trial disappeared along with the charges against him when the City of Helena dismissed them. There is no jury trial right when there are no charges pending against the defendant. The two Disorderly Conduct citations against Mr. Caddell were dismissed by the Helena City Attorney's Office on April 17, 2009 (C.D. 2-1, p. 3) and July 1, 2009 (C.D. 2-1, p. 5). Mr. Caddell does not have a right to object to the dismissal of charges against him under Montana law. *See State v. Schneiderhan*, 862 P.2d at 41; Mont. Code Ann. § 46-13-401. Misdemeanor charges can be dismissed on motion of the court or the prosecutor–the defendant's permission is not required. Usually, defendants do not

object to an outright dismissal of charges against them. The case is over and they have won. To the extent Mr. Bradshaw seeks to clear Mr. Caddell's record of the Disorderly Conduct charges, there may be separate procedures to accomplish that. A jury trial on charges dismissed nearly three years ago is not the proper remedy. Mr. Caddell is not entitled to any monetary recovery because his rights were not violated by any of the Defendants. Mr. Bradshaw's claims for Mr. Caddell should be dismissed because he cannot bring them on Mr. Caddell's behalf and they fail on the merits.

## V. CONCLUSION

District courts have discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Pro se plaintiffs proceeding in forma pauperis must be allowed to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 ([9th Cir. 1980](#))). It is clear Mr. Bradshaw could not cure the deficiencies outlined above by amendment. He should not be granted leave to amend his complaint.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The findings that Mr. Bradshaw cannot represent Mr. Caddell and that Mr. Caddell's right to a jury trial was not violated are so clear no reasonable person could suppose an appeal would have merit. Any appeal in this case would not be taken in good faith.

Therefore,

## RECOMMENDATION

1. Mr. Bradshaw's complaint should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Bradshaw may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of May, 2012.

<u>/s/Keith Strong</u>
Keith Strong
United States Magistrate Judge