IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CURTIS BRADSHAW, ) | CV 12-31-H-DLC-RKS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| STATE OF MONTANA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Curtis Bradshaw has filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging a violation of another person's Sixth Amendment right to a jury trial. The other individual in question is Charles Caddell, who was charged with two separate instances of disorderly conduct in Helena City Court in 2008 and 2009. Although the charges against Caddell were ultimately dismissed, he persisted in seeking a jury trial, filing two unsuccessful actions in this Court. See

-1-

Caddell v. Helena Elderhousing, Inc., CV-10-11-DWM; Caddell v. City of Helena, CV-11-20-DWM. Plaintiff Bradshaw now claims that Caddell has lawfully transferred his property interest in a cause of action for violation of his Sixth Amendment rights to Bradshaw. By filing the present action, Bradshaw now seeks to recover on the Sixth Amendment claim he purportedly acquired from Caddell.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint for failure to state a claim upon which relief can be granted and because Bradshaw, as a non-attorney, may not represent Caddell in this Court. Judge Strong concludes that the Complaint fails to state a claim because Caddell has no Sixth Amendment right to a trial on charges that are no longer pending. Judge Strong notes that in Montana, a defendant's permission is not required for the dismissal of a misdemeanor charge, citing State v. Schneiderhan, 862 P.2d 37, 41 (Mont. 1993), and Mont. Code Ann. § 46-13-401.

Plaintiff Bradshaw timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Bradshaw contends that he is now the proper owner of Caddell's cause of action, and attaches a document titled "Assignment, Transfer & Sale," by which Caddell purportedly conveyed his interest in this § 1983 action to Bradshaw. Doc. No. 6-1. The document was executed in Montana, and therefore the transaction is subject to Montana law. "Montana law has long held that a property damage claim is assignable, while a cause of action growing out of a personal right, such as a tort, is not assignable." Youngblood v. American States Ins. Co., 866 P.2d 203, 206 (Mont. 1993). Caddell's assignment of his constitutional tort claim to Bradshaw is invalid under Montana law, and Bradshaw has no authority to appear on behalf of Caddell in this action.

Elsewhere in his objections, Bradshaw contends that the charges against Caddell were never properly dismissed, and therefore remain pending in Helena City Court. This contention is without support in the record. The docket sheets for the two actions against Caddell each reflect the entry of an order of dismissal on the prosecution's motion. See Doc. No. 2-1 at 2, 4. As far as the Helena City Court is concerned, the charges against Caddell have been dismissed. Since there are no charges against him, Caddell has no Sixth Amendment right to a trial by jury, and therefore no cause of action under 42 U.S.C. § 1983.

Upon de novo review, the Court agrees with Judge Strong's Findings and Recommendations (Doc. No. 5) and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED Complaint is DISMISSED for failure to state a claim. Plaintiff Bradshaw has not alleged that he suffered any actionable injury under 42 U.S.C. § 1983, and his allegations fail to state a § 1983 violation with respect to Caddell.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 13th day of June, 2012.

_____
Dana L. Christensen, District Judge
United States District Court